# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIF DURRANI,<br><br>         Petitioner,<br>vs.<br>S.A. HOLENCIK,<br><br>         Respondent. | CASE NO. 06CV1730-LAB (JMA)<br><br>**CASE STATUS AND NOTICE ORDER** |

Petitioner Arif Durrani ("Durrani"), proceeding *pro se,* filed a Petition For Writ of Habeas Corpus ("Petition") purportedly pursuant to 28 U.S.C. § 2241. The case was originally assigned to Chief Judge Irma E. Gonzalez. Judge Gonzalez determined the petition actually seeks relief appropriately pursued under 28, U.S.C. § 2255, and that such relief should be sought from the sentencing judge. She accordingly instructed the Clerk of Court to transfer the case to the undersigned District Judge in an Order entered August 31, 2006. On September 6, 2006, this court considered Durrani's Petition, found he merely restates and revisits issues the court previously decided, and *sua sponte* denied the Petition and dismissed the case.

Durrani filed a Notice Of Appeal on September 25, 2006, without first seeking a certificate of appealability. By Order filed November 2, 2006, the Ninth Circuit stated "this appeal . . . appears to arise under 28 U.S.C. § 2255" and "remanded to the district court **for the limited purpose of** granting or denying a certificate of appealability" (emphasis added). Durrani filed a Response to that Order in the Ninth Circuit, disputing that his habeas petition

filed under Section 2241 seeking immediate release is actually a Section 2255 motion challenging his conviction or sentence.[1] He states he "will not accept recharacterization" of his 28 U.S.C. § 2241 Petition as a motion under 28 U.S.C. § 2255.

The government has filed a Memorandum Re Case Status Upon Remand in consideration of Durrani's insistence he may pursue Section 2241 habeas relief on the facts of this case, despite the gravamen of his challenges arising from his conviction and sentence and the construction of his challenges by two courts as actually arising under Section 2255. The government emphasizes Durrani is confined by court Order following a jury trial, so his petition seeking release from custody "is squarely within the scope of § 2255."

The court has considered Durrani's arguments and rejects his characterization of the relief and grounds for relief in his circumstances as other than a Section 2255 motion, in light of the procedural posture of this case and the Ninth Circuit's instructions that this court issue or deny a certificate of appealability on that basis. Before the court can recharacterize the *pro se* filing as a first Section 2255 motion, however, it is obligated to provide the following explanation, notice, and admonitions:

> In such circumstances the district court must **notify** the *pro se* litigant that it intends to recharacterize the pleading, **warn** the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and **provide the litigant an opportunity to withdraw the motion or to amend it** so that it contains all the § 2255 claims he believes he has. If the court fails to do so, the motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's "second or successive" restrictions. § 2255, ¶ 8.

Castro v. United States, 540 U.S. 375, 382 (2003) (emphasis added).

The court hereby notifies Durrani of its intent to construe and process his petition as a Section 2255 motion rather than a Section 2241 Petition. The court warns Durrani of the consequences of that treatment:

> Under a longstanding practice, a court sometimes treats as a request for habeas relief under 28 U.S.C. § 2255 a motion that a *pro se* federal prisoner has labeled differently. Such

---

[1] The government has filed a Memorandum Re Case Status Upon Remand, attaching as its Exhibit 1 Durrani's "response" to the Ninth Circuit's Order.

> recharacterization can have serious consequences for the prisoner, **for it subjects any subsequent motion under § 2255 to the restrictive conditions that federal law imposes upon a "second or successive" (but not upon a first) federal habeas motion.** § 2255, ¶ 8.

Castro, 540 U.S. at 377 (emphasis added).

Before proceeding to implement the Ninth Circuit's remand instructions, however, the court will provide Durrani "with an opportunity to withdraw, or to amend" the filing (Castro, 540 U.S. at 377, 382), in consideration of the potential consequences, by setting a deadline of ***December 29, 2006*** for him to file a request to withdraw his current petition, or to file an Amended Petition. If he neither withdraws nor amends his petition by that deadline, the court will implement the Ninth Circuit's instructions from its remand Order, construing the habeas petition Durrani filed on August 24, 2006 as a Section 2255 Motion.

**IT IS SO ORDERED**.

DATED: December 12, 2006

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge